UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Soloman Endeshaw,

Plaintiff,

v.

Judge Janet Poston and
Karen Jean Kampa,

Defendant.

Civil No. 01-1762 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Soloman Endeshaw, Pro se.
Kristyn M. Anderson, Assistant Attorney General, for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge for hearing on November 16, 2001, upon Defendant Poston's Motion to Dismiss [Docket # 2]. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court will recommend that Defendant's Motion be granted.

## I. BACKGROUND

This matter arises from Plaintiff Soloman Endeshaw's ("Endeshaw") attempt to re-open Endeshaw v. Poston, et. al., Civil No. 00-691 DWF/AJB, that was dismissed with prejudice by Order of the Honorable Judge Donovan Frank on June 29, 2001. Endeshaw, a Defendant in a state criminal action, alleged Judge Poston ("Defendant Poston")was involved in the unlawful forfeiture of

FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Endeshaw's driver's license and vehicle.[1] (See Def. Mem. in Supp. of Mot. to Dismiss.) The issues charged in the instant petition do not differ from the previous issues charged in the previous case. (See Compl. [Docket #1], dated September 25, 2001.) Defendant Poston again asserts that the federal court lacks jurisdiction pursuant to the Rooker-Feldman doctrine and should further abstain from hearing this matter pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971).[2]

## II. CONCLUSIONS OF LAW

Pursuant to the Rooker-Feldman doctrine, lower Federal Courts do not have jurisdiction over challenges to State Court judgments. See Lemonds v. St. Louis County, 222 F. 3d 488, 492 (8th Cir. 2000). Furthermore, Federal Courts have been directed to abstain from accepting jurisdiction in instances where relief would interfere with pending State proceedings in ways that offend the principles of comity and Federalism. See Younger, 407 U.S. at 37.

Endeshaw's civil rights complaint in this matter is unclear, however to the extent he seeks this Court to interfere with actions that have been decided or are pending in a State Criminal Court Case his claim is unfounded. The matter brought before this Court falls squarely within the confines of the Rooker-Feldman doctrine and is precluded by the Younger abstention doctrine as it relates to pending matter in State Court. This Court lacks jurisdiction in this matter and will recommend that Defendant Poston's Motion to Dismiss be granted.

---

[1]It is unclear what role Defendant Karen Kampa ("Kampa") played in the alleged violation, moreover Defendant Kampa may not have been served notice of this or the previous action.

[2]Defendant Poston has had no involvement in any decision that appears to be the focus of this action. It does appear that Endeshaw is confused about the status of his state probationary sentence and measures he must take resolve the property forfeitures.

## III. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Poston's Motion to Dismiss [# 2] be **GRANTED**.

DATED: Feb. 6, 2002.

Franklin L. Noel

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.