**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

SOLOMON WOLDE ENDESHAW,

Plaintiff,

v.

JUDGE JANET N. POSTON, and
KAREN JEAN KAMPA,

Defendants.

Civil No. 01-1762(JRT/FLN)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Solomon W. Endeshaw, 1005 Portland Avenue South #110, Minneapolis, MN 55404, plaintiff *pro se*.

Kristyn M. Anderson, Assistant Attorney General, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, 445 Minnesota Street, St. Paul, MN 55101, for defendants.

This matter is now before the Court on plaintiff's objections to the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated February 6, 2002. The Court has conducted a *de novo* review of plaintiff's objection pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and grants defendant's motion to dismiss.

SEP 2 3 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. SEP 2 3 2002
DEPUTY CLERK

## BACKGROUND

This is the second case in which plaintiff Solomon Endeshaw ("Endeshaw") has sued defendants. The first case, *Endeshaw v. Poston, et al*, Civil No. 00-691, was dismissed with prejudice by Judge Donovan Frank on June 29, 2001. This matter arises from plaintiff's attempt to re-open that case. Endeshaw, a defendant in a state criminal action, alleged that defendant, Judge Janet N. Poston ("Poston") was somehow involved in the confiscation of his driver's license and in matters relating to his state probation.[1] As the Magistrate Judge noted, the issues in this case are identical to those alleged in the previous action.

## ANALYSIS

The Magistrate Judge determined that this case falls within the *Rooker-Feldman* doctrine, which holds that lower federal courts do not have jurisdiction over challenges to state court judgments. *See Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). The Magistrate Judge further determined that the *Younger* abstention doctrine prevents this Court from exercising jurisdiction over a matter pending in state court. *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

Plaintiff's objections to the Report and Recommendation do not address the Magistrate Judge's legal determinations. Even giving plaintiff's arguments a liberal interpretation, which is appropriate because he appears *pro se*, the Court cannot discern

[1] The Magistrate Judge noted that it is not clear what role defendant Karen Kampa played in plaintiff's allegations, and Kampa may not have been served notice of this or the previous action. *See Rep. & Rec.* at 2.

any proper objection. Rather, it seems that plaintiff simply disagrees with the Magistrate Judge's decision. The Court has conducted a *de novo* review of the Magistrate Judge's analysis and of the record as a whole. Upon this review, the Court concludes that the Magistrate Judge was correct.

Federal courts have no jurisdiction over challenges to state court judgments. *Lemonds*, 222 F.3d at 492. This rule – the *Rooker-Feldman* doctrine – bars federal claims that succeed "only to the extent that the state court wrongly decided the issue before it." *Id.* at 493. Here, plaintiff's allegations all relate to issues decided or pending by the state courts of Minnesota. This court is powerless to hear such matters. Therefore, the Court must overrule plaintiff's objections, and grant Poston's motion to dismiss.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 12] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No.11]. Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [Docket No. 2] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 23, 2002
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.